**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Creo Classical Academy, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Katelyn Adams,<br><br>Defendants. | Civil Action No: 1:26-cv-2396 (AMN/PJE)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Creo Classical Academy, Inc. (hereinafter "Plaintiff"), as and for its complaint against Defendant Katelyn Adams (hereinafter "Defendant") by and through its attorneys Heslin Rothenberg Farley & Mesiti P.C., alleges the following:

**PARTIES**

1. Plaintiff, Creo Classical Academy, Inc., is a New York non-profit corporation having an address of 206 Greenfield Avenue, Ballston Spa, New York 12020.

2. Upon information and belief, Defendant Katelyn Adams is an individual residing in Melrose, New York 12121.

3. Defendant was previously employed with Plaintiff as the Head of School and as a Member of the Board of Directors.

4. Plaintiff terminated Defendant's employment with Plaintiff on January 12, 2026.

5. Defendant was removed from Plaintiff's Board of Directors on April 15, 2026.

**NATURE OF ACTION**

6. This is an action for trademark infringement, unfair competition, arising under various provisions of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, cybersquatting under 15 U.S.C.

§1125, for state common law trademark infringement and unfair competition, trademark dilution under N.Y. Gen. Bus. Law § 360-l, deceptive business practices under N.Y. Gen. Bus. Law §349, conversion, and breach of fiduciary duty. Plaintiff also seeks declaratory judgment that Plaintiff is the rightful owner of the "CREO" and "CREO CLASSICAL ACADEMY" trademarks.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and over the state claims pursuant to 28 U.S.C. § 1367.

8. The court has general personal jurisdiction over Defendant as a domiciliary of New York.

9. Venue is proper in the Northern District of New York under 28 U.S.C. §§ 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## BACKGROUND FACTS

10. Plaintiff is engaged in the offer and sale of various education related services, including, but not limited to, curriculum development, education consulting services, and educational services designed for children and their families, including a home-school program connection with a drop off non-home program, among others.

11. Plaintiff owns the right, title and interest in U.S. Trademark Application Serial No. 99/835,124 for **CREO** covering "educational services, namely, developing curriculum for others in the field of math, science, history, geography, language arts, literature, arts, religion, and foreign languages for grammar, middle school, high school and kindergarten level home schooling; Consulting services about education; Educational services, namely, developing curriculum for others in the field of math, science, history, geography, language arts, literature, arts, religion, and foreign languages for grammar, middle school, high school and kindergarten level home schooling

with a drop off non-home program for homeschooled families and students" in International Class 41.

12. Plaintiff owns the right, title and interest in U.S. Trademark Application Serial No. 99/835,169 for **CREO CLASSICAL ACADEMY** covering "Educational services, namely, developing curriculum for others in the field of math, science, history, geography, language arts, literature, arts, religion, and foreign languages for grammar, middle school, high school and kindergarten level home schooling; Consulting services about education; Educational services, namely, developing curriculum for others in the field of math, science, history, geography, language arts, literature, arts, religion, and foreign languages for grammar, middle school, high school and kindergarten level home schooling with a drop off non-home program for homeschooled families and students" in International Class 41.

13. "CREO" and "CREO CLASSICAL ACADEMY" and any formatives thereof are collectively referred to herein as the "CREO Marks." Plaintiff has used the CREO Marks in commerce since at least as early as March 4, 2024.

14. The CREO Marks have been and are used extensively by Plaintiff in offering its services including on its school building, website, advertisements, promotions, apparel and other products purchased and used by Plaintiff's consumers. The CREO Marks have been used in connection with substantial customer sales, as well as in advertising and promotion, and function as an identifier of services originating from, sponsored by, or associated with Plaintiff. Plaintiff's use of the CREO Marks on apparel and other consumer products has allowed the community to strongly identify the CREO Marks with Plaintiff.

15. Plaintiff and the CREO Marks have acquired an extensively acclaimed reputation for excellence in the provision of its services.

16. Plaintiff has spent and continues to spend large sums of money in the advertisement, promotion and sale of its services under the CREO Marks, and by reason of such advertising and the high quality of its services carrying such service marks, Plaintiff enjoys a valuable goodwill and an enviable reputation with respect to its service marks and, in particular, the services associated therewith.

**DEFENDANT AND ITS UNAUTHORIZED USE OF THE CREO MARKS**

17. At the time that Plaintiff adopted and/or used the CREO Marks, Defendant served as Head of School and a member of the Board of Directors for Plaintiff.

18. The functions of the Head of School are to generally supervise and control all of the operational and educational affairs of the Corporation, including recruiting and supervision of teachers, school curriculum, admission standards, general supervision of students, financial matters, building and grounds, fundraising, liaison with the parent body, and other duties as instructed by the Board of Directors.

19. Any and all use of the CREO Marks by Defendant during her employment with Plaintiff were offered on behalf of Plaintiff and inured to the benefit of Plaintiff.

20. On January 12, 2026, Plaintiff sent a letter to Defendant reporting her end of employment as Head of School and requesting the return of any organizational property by January 13, 2026. A copy of the letter is attached hereto as **Exhibit A.**

21. Defendant continues to retain and has impeded Plaintiff's access to Plaintiff's PayPal account, website (creoacademy.org), Google Workspace, Facebook, and Instagram accounts by changing the login credentials, inactivating the former primary point of contact email

associated with these accounts, and impeding access to the community and families associated with Plaintiff's program. See **Exhibit B.** for screenshots of Plaintiff's Facebook page and Instagram page retained by Defendant.

22. In addition, Plaintiff's loss of access to its Google Workspace severely interrupted operations with students, parents and employees losing access to work projects, suggested grades, communications, and email among other content.

23. In addition, on June 4, 2026, Defendant shut down Plaintiff's Google Voice number, which was the primary point of contact for Plaintiff's operations. Plaintiff eventually acquired a new Google Voice number, but lost potential customers due to the shut down in the interim.

24. As a result of the change in login credentials, Defendant retains, operates, and uses the website domain name creoacademy.org (the "Domain"). See **Exhibit C** for a screenshot depicting the Domain. Defendant has altered the Domain so that it looks different from when Plaintiff last had access.

25. Defendant's use of the Domain is for commercial purposes and constitutes use in commerce.

26. Defendant's use of the Domain is identical and confusingly similar to the CREO Marks.

27. To the extent that Defendant offers educational services, such services are offered within the State of New York, including the area encompassed by this judicial district.

28. As a result of the change in login credentials, Defendant advertises its educational services on Plaintiff's social media accounts retained in her possession in addition to the Domain.

29. Plaintiff removed Defendant from its Board of Directors on April 15, 2026.

30. On April 20, 2026, Defendant filed U.S. Trademark Application Serial No. 99/775,274 for "CREO" and U.S. Trademark Application Serial No. 99/775,282 for "CREO CLASSICAL ACADEMY" with the United States Patent and Trademark Office ("USPTO") listing Defendant as the sole owner.

31. Defendant's use of "CREO" and "CREO CLASSICAL ACADEMY" in connection with education and related services is confusingly similar to Plaintiff's CREO Marks, due in part to the identical appearance, sound and connotation of the marks themselves, and due to the identicality of services and respective trade channels.

32. Plaintiff has priority of use of the CREO Marks over Defendant in light of the fact that Defendant did not use the CREO Marks in her individual capacity until after Defendant's employment with Plaintiff ceased on January 12, 2026.

33. As of the date of this filing, Defendant has failed to return any of the requested digital items or login credentials to Plaintiff.

34. On multiple occasions, including July 23, 2026 and August 28, 2026, Plaintiff sent letters to Defendant demanding that it cease its use of the CREO Marks and all formations thereof. A copy of the letters is attached hereto as **Exhibit D.** Despite these multiple warnings, Defendant continues to use its infringing mark.

35. Instead, on October 16, 2026, Defendant sent a letter to Plaintiff confirming her prior position and employment with Plaintiff, her actions and demanding payment from Plaintiff. A copy of this letter is attached hereto as **Exhibit E**.

36. Due to Defendant's knowledge of Plaintiff's CREO Marks, Defendant has acted willfully and had and continues to have bad faith intent to profit commercially from the CREO Marks.

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP UNDER 28 U.S.C. § 2201, 2202

37. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 36 as if they were stated in full herein.

38. An actual and justiciable controversy exists between Plaintiff and Defendant regarding the ownership of the CREO Marks. Defendant has claimed ownership of the CREO Marks by applying for federal trademarks in the CREO Marks and unlawfully retaining control over the Domain and Plaintiff's social media pages, Google Workspace, and PayPal account.

39. Plaintiff originated the CREO Marks and has used the CREO Marks continually in commerce since at least as early as March 4, 2024.

40. Defendant's first use of the CREO Marks in her individual capacity did not occur until after Defendant's employment with Plaintiff ceased on January 12, 2026. Any purported prior use of the CREO Marks or similar variations by Defendant prior to that time was for and inured to the benefit of Plaintiff by virtue of Defendant being Plaintiff's Head of School and on Plaintiff's Board of Directors.

41. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks judgment that Plaintiff is the rightful owner of the CREO Marks.

## SECOND CAUSE OF ACTION

### ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT UNDER 15 U.S.C. § 1125(d)

42. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 41 as if they were stated in full herein.

43. Defendant acquired and used the Domain, creoacademy.org, unlawfully and in violation of Plaintiff's ownership rights and has continued its usage of the Domain to present.

44. At no point was the Domain utilized privately by Defendant until after termination of the Head of School role on January 12, 2026.

45. The Domain is the same or is confusingly similar to the CREO Marks.

46. Defendant covertly, without obtaining permission from Plaintiff, used the CREO Marks via the Domain to promote its educational services in direct competition with Plaintiff.

47. Defendant's use of the CREO Marks is surreptitiously presented in such a way as though the CREO Marks belong to the Defendant.

48. Defendant has acted willfully and with bad faith and intent to profit from the Domain as evidenced by Defendant's knowledge of Plaintiff's rights to the CREO Marks.

49. Upon information and belief, Defendant hired a privacy service, Namecheap, Inc., in order to hide Defendant's name from the public registration for the Domain.

50. When Defendant acquired the Domain, Defendant had no reasonable basis to believe that its use of the Domain would be fair use or otherwise lawful.

51. Accordingly, upon information and belief, Defendant has acquired, registered, trafficked in and/or used the Domain for improper purposes in violation of the Anti-Cybersquatting Consumer Protection Act.

52. Plaintiff has been damaged by Defendant's acquisition, use and/or registration of the Domain. At minimum, Plaintiff has lost customers, revenue, and profits, and Defendant has created public confusion. Plaintiff has been deprived of its substantial expenditure to promote and protect the CREO Marks. Plaintiff's CREO Marks have been diluted and devalued by Defendant's use of the same, which has caused Plaintiff to suffer significant financial losses.

## THIRD CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

53. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 52 as if they were stated in full herein.

54. Defendant has, without Plaintiff's consent, on or in connection with education related services, used colorable imitations of the CREO Marks in commerce in a manner which is likely to cause confusion, to cause mistake, or to deceive as to the source, sponsorship, affiliation, connection and/or association of Defendant with Plaintiff and its services bearing the CREO Marks, and/or as to the origin, sponsorship, and/or approval by Plaintiff of Defendant's unauthorized services.

55. The actions of Defendant described in this Count constitute false designations of origin in violation of 15 U.S.C. § 1125(a). Defendant's acts have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

56. The actions of Defendant described in this Count have also caused damage to Plaintiff for which Plaintiff should be compensated by Defendant.

57. The actions of Defendant have been willful and in bad faith and constitute willful infringement of Plaintiff's rights.

## FOURTH CAUSE OF ACTION

### TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

58. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 57 as if they were stated in full herein.

59. Plaintiff owns the common law rights to the trademarks "CREO" and "CREO CLASSICAL ACADEMY" for various services, including "Educational services, namely, developing curriculum for others in the field of math, science, history, geography, language arts, literature, arts, religion, and foreign languages for grammar, middle school, high school and kindergarten level home schooling; Consulting services about education; Educational services, namely, developing curriculum for others in the field of math, science, history, geography, language arts, literature, arts, religion, and foreign languages for grammar, middle school, high school and kindergarten level home schooling with a drop off non-home program for homeschooled families and students."

60. Defendant has knowingly and willingly used in commerce unauthorized versions of the CREO Marks and/or confusingly similar marks, in connection with the sale, offering for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

61. Defendant's activities create a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

62. Defendant's activities constitute infringement of Plaintiff's CREO Marks in violation of Plaintiff's rights under the common law of the State of New York.

63. Defendant's continued actions in using the CREO Marks amount to willful, intentional and bad faith engagement in trademark infringement in violation of the common law of the State of New York.

64. The actions of Defendant described in this Count have caused and will continue to cause damage, and will cause future damage to Plaintiff, for which Plaintiff should be compensated by Defendant.

## FIFTH CAUSE OF ACTION

**USE OF NAME WITH INTENT TO DECEIVE UNDER N.Y. GEN. BUS. LAW §133**

65. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 64 as if they were stated in full herein.

66. Defendant's use of the CREO Marks is in violation of Plaintiff's exclusive rights to use the CREO Marks and is done willfully and with the intent to deceive and mislead the public as to the source of the services advertised and provided and is likely to cause Plaintiff injury in violation of N.Y. Gen. Bus. Law § 133.

67. As a result of Defendant's acts, Plaintiff is entitled to preliminary and permanent injunctive relief.

## SIXTH CAUSE OF ACTION

**DECEPTIVE BUSINESS PRACTICES UNDER N.Y. GEN. BUS. LAW §349**

68. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 67 as if they were stated in full herein.

69. Defendant's conduct is consumer-oriented and directed at the public at large, including consumers within the Northern District of New York, through its marketing and offering of educational services.

70. In the course of business, Defendant has wrongfully and deceptively engaged in consumer-oriented unfair trade practices that are misleading in a material way, and of which cause injury to Plaintiff and to the public's interest in limiting the dissemination of false information regarding the educational services provided.

71. Defendant's activities and use of the CREO Marks falsely suggest affiliation, endorsement, or sponsorship by Plaintiff, misleading consumers in a material way.

72. Defendant's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendant's acts are restrained by this Court, Defendant's deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

73. Upon information and belief, consumers have purchased and will purchase Defendant's educational services under the mistaken belief that such services are authorized by, affiliated with, or derived from Plaintiff.

74. Defendant's deceptive acts have caused injury to consumers and to Plaintiff by diverting sales and damaging Plaintiff's reputation.

75. Upon information and belief, Defendant has undertaken this conduct willfully, knowingly, and in bad faith.

76. Defendant's willful activities constitute deceptive acts and practices causing harm and injury to the public at large, as well as Plaintiff, in violation of N.Y. Gen. Bus. Law § 349.

77. Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation and will continue both to damage the Plaintiff and deceive the public unless enjoined by this Court.

78. Plaintiff has no adequate remedy at law and is entitled to injunctive relief. Plaintiff is further entitled to recover Defendant's trebled profits, Plaintiff's costs, and Plaintiff's reasonable attorneys' fees pursuant to N.Y. Gen. Bus. Law §349.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

79. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 78 as if they were stated in full herein.

80. Plaintiff, as a cause of action and ground for relief, alleges that Defendant is engaging in unfair competition and misappropriation in violation of the common law of the State of New York.

81. Defendant has infringed the CREO Marks and continues to do so by marketing and/or selling services using colorable imitations of the CREO Marks.

82. Defendant's acts constitute deception, fraud, misrepresentation, or the concealment, suppression or omission of a material fact, such as that Plaintiff and Defendant are not affiliated.

83. Defendant intends to benefit from the goodwill and reputation of Plaintiff and that others rely upon Defendant's unfair methods of competition and unfair or deceptive trade practices.

84. Defendant's acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or affiliation of Defendant by Plaintiff.

85. Defendant's acts are likely to severely damage Plaintiff's goodwill.

86. Plaintiff has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendant's unfair competition and therefore Plaintiff is entitled to injunctive relief under New York common law.

## EIGHTH CAUSE OF ACTION

### TRADEMARK DILUTION
### UNDER N.Y. GEN. BUS. LAW § 360-l

87. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 86 as if they were stated in full herein.

88. Plaintiff's CREO Marks are strong marks due to their distinctive qualities, coupled with the continuous interrupted use of the same by Plaintiff since their inception. The CREO Marks have become so associated in the public's mind with Plaintiff that they readily identify Plaintiff's services as distinguished from those sold by others.

89. Defendant's activities have created and continue to create a likelihood of injury to the public image and reputation of Plaintiff, and to dilute the distinctive quality of the CREO Marks and all rights held thereunder, in violation of the General Business Law of the State of New York.

90. Such conduct on the part of the Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

91. Such conduct on the part of Defendant has caused and will continue to cause damage to Plaintiff in an amount to be determined.

## NINTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY
### UNDER NEW YORK STATE COMMON LAW

92. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 91 as if they were stated in full herein.

93. During the period of time in which Plaintiff utilized the CREO Marks, Defendant served as a member of the Board of Directors and as an Officer of Plaintiff. As such, Defendant had direct knowledge of Plaintiff's use of the CREO Marks.

94. Defendant, while having firsthand knowledge of Plaintiff's use of the CREO Marks, breached her fiduciary duties by using the CREO Marks and variations thereof, scheming to use, and using, Plaintiff's corporate assets and/or other assets for her own benefit and to the detriment of Plaintiff and filing trademark applications for the CREO Marks owned by Plaintiff.

95. Defendant misappropriated corporate assets and usurped a corporate opportunity for personal gain, therefore breaching the duty of loyalty.

96. Upon information and belief, Defendant violated her fiduciary duty as well by registering the Domain in her own name for her own personal benefit.

97. Defendant's actions, including and constituting breach of fiduciary duty, were done willfully and with knowledge that Defendant's actions were contrary to and not the best interest of Plaintiff and would harm Plaintiff.

98. As a result, Defendant is liable to the Plaintiff for the breach of fiduciary duty.

## TENTH CAUSE OF ACTION

### CONVERSION
### UNDER NEW YORK STATE COMMON LAW

99. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 98 as if they were stated in full herein.

100. Plaintiff holds the superior rights to the digital credentials and items that Defendant has not returned to Plaintiff after her termination.

101. Upon information and belief, Defendant retains in her possession, operates, uses, and exercises unauthorized dominion over a website domain located at the URL creoacademy.org.

102. Upon information and belief, Defendant also retains and exercises unauthorized dominion over Plaintiff's PayPal, Google Workspace, Facebook, and Instagram accounts and

changed the login credentials. Defendant deleted all content on social media pages related to Plaintiff's upcoming activities.

103. By reason of the foregoing, Plaintiff has been and will be irreparably harmed and damaged.

104. The acts of the Defendant complained herein were done willfully and with knowledge that such activities will damage and have damaged Plaintiff and, unless restrained, will impair, if not destroy, the value of Plaintiff's reputation and goodwill.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Creo Classical Academy, Inc., seeks judgment in its favor on all counts of this complaint and prays for the following relief:

a) a Declaratory Judgment that Plaintiff is the rightful and sole owner of the CREO Marks;

b) that Defendant be found to have willfully infringed Plaintiff's rights in the CREO marks and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

c) that Defendant be required to transfer and deliver up to Plaintiff any and all web domains, social media accounts, email accounts, and financial accounts such as PayPal, rightfully owned by Plaintiff and/or associated with the CREO Marks;

d) that Defendant be required to abandon Defendant's filed trademark applications for CREO and CREO CLASSICAL ACADEMY or transfer and assign such applications and any trademark rights to Plaintiff;

e) that Defendant and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from infringing the CREO Marks, providing and/or promoting/advertising any services or goods under the CREO Marks, or any

colorable imitation thereof, and from unfairly competing with Plaintiff in any manner whatsoever, and from engaging in false designation of origin in any other manner;

f) that Defendant be required to deliver up all products and other items infringing the CREO Marks in its possession, as well as all labels, literature, and advertisements bearing the CREO Marks, together with any means for producing the same;

g) that Defendant and all persons in active participation or concert with Defendant, be enjoined from registering, maintaining, and/or prosecuting any trademark and/or trademark applications including the term CREO and/or CREO CLASSICAL ACADEMY, or a formative thereof, or any mark confusingly similar to the CREO Marks, related to the goods or services offered by Plaintiff and any related services thereto, including but not limited to educational and consulting services;

h) that Defendant be ordered to pay damages to Plaintiff adequate to compensate Plaintiff for the actions described in this Complaint, that such damages be trebled, and that Defendant be ordered to pay Plaintiff's costs in bringing this action, including prejudgment and post-judgment interest, and that Defendant be ordered to pay Plaintiff's reasonable attorneys' fees; and

i) that Plaintiff have any such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: November 20, 2026

Respectfully submitted,

**s/ Thomas L. Sica**____________________
Nicholas Mesiti, Esq.
Thomas L. Sica, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: (518) 452-5600
Facsimile: (518) 452-5579
Email: nick.mesiti@hrfmlaw.com
Email: thomas.sica@hrfmlaw.com

*Attorneys for Plaintiff, Creo Classical Academy, Inc.*